Filed 2/10/23  P. v. Wise CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>BRANDEN MARKELL WISE,<br><br>        Defendant and Appellant. | B320662<br><br>(Los Angeles County<br>Super. Ct. No. KA116437) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County.  Juan Carlos Dominguez, Judge. Affirmed.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Daniel Chang and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Branden Markell Wise appeals the summary denial of his petition for resentencing under Penal Code[1] section 1172.6 (former § 1170.95).[2]  The superior court determined that appellant is not entitled to section 1172.6 relief as a matter of law because he was convicted of murder and attempted murder as a direct perpetrator, and not under a felony murder theory or the natural and probable consequences doctrine.  Appellant contends the superior court erred in summarily denying his facially sufficient petition for resentencing without appointing counsel, requiring reversal.  Although the superior court erred by denying the petition at the prima facie stage without appointing counsel or accepting briefing from the parties, we conclude the error was harmless, and therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[3]

Appellant and codefendants Jaylin Godbolt and Sean Ray were active members of the 76 East Coast Crips criminal street gang.  On August 19, 2017, shortly after midnight, they committed a drive-by shooting of a group of five people on bicycles who appeared to be members of a rival gang.  Although appellant's gun jammed, the fusillade of bullets killed one person

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[3] The following facts are drawn from this court's unpublished decision in appellant's direct appeal from his conviction. (*People v. Jaylin Godbolt et al.* (Mar. 12, 2021, B302235) [nonpub. opn.], mod. Apr. 2, 2021 (*Godbolt*).)

and nearly resulted in four more deaths. (*Godbolt, supra,* B302235.)

Following a jury trial, appellant and his codefendants were convicted of one count of first degree murder and four counts of willful, deliberate, and premeditated attempted murder. (§§ 187, subd. (a); 664/187, subd. (a).) The jury also found true the gang allegations and numerous firearm enhancements. Appellant was sentenced to an aggregate term of 210 years to life in state prison. On direct appeal from the judgment of conviction, this court reversed one of appellant's convictions for attempted murder and reduced his sentence by 40 years. (*Godbolt, supra,* B302235.)

Appellant filed his petition for resentencing pursuant to section 1172.6 on April 25, 2022. Without appointing counsel or accepting briefing, the superior court summarily denied the petition on the ground that appellant is not entitled to relief as a matter of law because the record reflects that his convictions for murder and attempted murder were not based on a felony-murder theory or the natural and probable consequences doctrine.

## DISCUSSION

**Appellant Is Ineligible for Section 1172.6 Relief as a Matter of Law**

### A. *Applicable legal principles*

The Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) in 2018, effectively abolishing the natural and probable consequences doctrine in cases of murder and limiting the application of the felony-murder doctrine. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) With one narrow exception (§ 189, subd. (f)), Senate Bill

No. 1437 effectively eliminated murder convictions premised on any theory of imputed malice—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or was a major participant who acted with reckless disregard to human life. (§§ 188, subd. (a)(3) & 189, subd. (e).)

Specifically, the Legislature amended the felony-murder rule to provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).) Section 188 was amended to require that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).)

Senate Bill No. 1437 also enacted former section 1170.95 (now § 1172.6), which established a procedure for vacating the murder convictions of defendants who could no longer be convicted of murder because of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4; *Lewis, supra,* 11 Cal.5th at

4

pp. 957, 959, 971; *Gentile, supra,* 10 Cal.5th at p. 843.)  Section 1172.6, subdivision (c) requires the court to appoint counsel when requested upon the filing of a properly pleaded petition for resentencing.  (*Lewis,* at pp. 963, 966.)  The court must then conduct a prima facie analysis with briefing to determine the petitioner's eligibility for relief, and, if the requisite prima facie showing is made, issue an order to show cause.  (§ 1172.6, subd. (c); *Lewis,* at p. 971; *People v. Nieber* (2022) 82 Cal.App.5th 458, 469–470.)  Effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 to expand its coverage to individuals convicted of "attempted murder under the natural and probable consequences doctrine."  (§ 1172.6, subd. (a); *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.)

In conducting its prima facie review, the superior court may not engage in factfinding involving the weighing of evidence or credibility determinations and must assume the truth of all facts stated in the petition.  (*Lewis, supra,* 11 Cal.5th at pp. 971–972; *People v. Flint* (2022) 75 Cal.App.5th 607, 612.)  But to determine "whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section [1172.6] and is entitled to relief, the superior court properly examines the record of conviction, 'allowing the court to distinguish petitions with potential merit from those that are clearly meritless.' " (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 863 (*Mancilla*), quoting *Lewis, supra,* 11 Cal.5th at p. 971.)  Thus, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis,* at p. 971.)

We review de novo whether the superior court properly denied appellant's section 1172.6 petition without issuing an order to show cause. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545 (*Coley*); *People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

**B. *The superior court erred by summarily denying appellant's petition without appointing counsel or accepting briefing; however, the error was harmless***

In *Lewis*, our Supreme Court held that once a petitioner files a facially sufficient petition under section 1172.6 and requests appointment of counsel, the superior court must appoint counsel before conducting any prima facie review. (11 Cal.5th at p. 963 ["petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition"]; accord, § 1172.6, subd. (b)(3).) Because appellant's section 1172.6 petition is facially sufficient, the superior court erred by summarily denying appellant's petition for resentencing without appointing him counsel.

However, the erroneous failure to appoint counsel for a section 1172.6 petitioner is subject to harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, *supra*, 11 Cal.5th at pp. 957–958 [failure to appoint counsel under § 1172.6, subd. (b)(3) is "state law error only, tested for prejudice under [*Watson*]"], 974; *People v. Daniel* (2020) 57 Cal.App.5th 666, 676, review granted Feb. 24, 2021, S266336, review dism. Dec. 1, 2021).) Thus, the error requires reversal in this case only if appellant can show a reasonable probability that his petition would not have been summarily denied if he had been afforded the assistance of counsel. (*Lewis*, at pp. 972–974; *Daniel*, at p. 676.) Appellant fails to meet this standard if the record of his

6

conviction, which includes the jury instructions, establishes that he is not entitled to relief as a matter of law. (*Daniel,* at p. 678.)

Appellant does not address prejudice at all in his opening brief, contending that the superior court's error in failing to appoint counsel, ipso facto, requires reversal and remand. In his reply brief, he incorrectly asserts that by "providing a fact-based analysis in support of its position that the [superior] court's conceded error was harmless, respondent shows the court erred prejudicially in failing to appoint counsel and accept briefing." To the contrary, respondent properly relies on the jury instructions, the prosecution's argument to the jury, and the verdict forms to demonstrate that appellant is ineligible for section 1172.6 relief as a matter of law. Appellant, on the other hand, fails to show even a remote possibility that he might have avoided summary denial of his petition if he had been afforded the assistance of counsel. The superior court's error in failing to appoint counsel and accept briefing before making its prima facie determination must therefore be deemed harmless.

## C. *Appellant fails to make a prima facie showing of eligibility for relief under section 1172.6, subdivision (c)*

The record of conviction in this case plainly demonstrates that appellant was not convicted of murder or attempted murder under any theory invalidated by Senate Bill No. 1437's amendments to the law of murder. The jury was not instructed on felony murder, aiding and abetting based on the natural and probable consequences doctrine, or any other theory of vicarious liability under which malice could have been imputed to appellant.

7

Specifically, the trial court instructed the jury on the elements of murder based on express or implied malice (CALCRIM No. 520), first degree murder (CALCRIM No. 521), attempted murder (CALCRIM No. 600), and attempted murder with deliberation and premeditation (CALCRIM No. 601). No instructions were given on the natural and probable consequences doctrine or felony murder as a theory of liability for these crimes. The jury also received instruction on the general principles of aiding and abetting (CALCRIM No. 400) as well as a theory of direct aiding and abetting—that is, Aiding and Abetting: Intended Crimes[4] (CALCRIM No. 401). The trial court did not instruct the jury on aiding and abetting based upon natural and probable consequences (CALCRIM No. 402) or any other theory of vicarious liability based on imputed malice.

Moreover, the prosecution expressly argued to the jury that the facts of this case supported *only* a theory of express malice murder, and appellant was guilty of first degree murder and the

---

[4] The court instructed in relevant part: "To prove that a defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that: [¶] 1. The perpetrator committed the crime; [¶] 2. The defendant knew that the perpetrator intended to commit the crime; [¶] 3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; [¶] AND [¶] 4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime. [¶] Someone *aids and abets* a crime if he knows of the perpetrator's unlawful purpose and he specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime." (CALCRIM No. 401. Aiding and Abetting: Intended Crimes.)

willful, deliberate, and premeditated attempted murders as a direct aider and abettor and coconspirator in committing those crimes. None of the prosecution's arguments to the jury mentioned a natural and probable consequences theory of aiding and abetting, the felony-murder rule, or any other theory of vicarious liability for murder or attempted murder based on imputed malice.

Finally, the verdicts themselves demonstrate that appellant was convicted as a direct aider and abettor based on express, not imputed malice. Appellant and his cohorts were all convicted of first degree murder, meaning the jury necessarily found that as a direct aider and abettor to this crime, appellant shared his codefendants' intent to kill and in fact aided in the commission of the crime. Similarly, by convicting appellant on the attempted murder charges, the jury necessarily found that he shared his codefendants' criminal purpose, and with the intent of attempting to kill the victims, appellant in fact aided, facilitated, promoted, encouraged, or instigated the commission of the attempted murders. (See *People v. Nguyen* (2015) 61 Cal.4th 1015, 1054 [" 'the person guilty of attempted murder as an aider and abettor must intend to kill' "], quoting *People v. Lee* (2003) 31 Cal.4th 613, 624.)

Because the record of conviction establishes appellant was not convicted of murder or attempted murder under any theory of liability affected by Senate Bill No. 1437's amendments to the law of murder, appellant is ineligible for relief under section 1172.6 as a matter of law. (See *People v. Estrada* (2022) 77 Cal.App.5th 941, 945 [petitioner convicted of first degree murder as aider and abettor with intent to kill ineligible for section 1172.6 relief]; *Coley, supra,* 77 Cal.App.5th at pp. 547–548

9

[conviction of second degree murder based on express malice ineligible for section 1172.6 relief]; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205–206 ["Nothing in the charges, the instructions, or the balance of the trial permitted the jury to find [defendant] guilty on a theory other than direct aiding and abetting or liability as a perpetrator of murder and attempted murder," making him ineligible for relief under section 1172.6 as a matter of law]; *Mancilla, supra*, 67 Cal.App.5th at pp. 865–867 [petitioner convicted of murder under provocative act doctrine ineligible for section 1172.6 relief as a matter of law because such a conviction requires proof of actual malice]; *People v. Medrano* (2021) 68 Cal.App.5th 177, 182–183 [petitioner convicted of aiding and abetting a murder with intent to kill ineligible for section 1172.6 relief]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 956 [petitioner ineligible for relief where murder conviction based on the same elements required for conviction under amended law of felony murder]; *Daniel, supra*, 57 Cal.App.5th at p. 677 [absence of jury instructions based on any theory of liability affected by Senate Bill No. 1437 renders petitioner ineligible for relief as a matter of law].)

Moreover, appellant cannot show a reasonable probability of a more favorable outcome had he had the benefit of counsel. The superior court's error in failing to appoint counsel and accept briefing before making its prima facie determination is therefore harmless.

## DISPOSITION

The order denying appellant's petition for resentencing under Penal Code section 1172.6 is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



CHAVEZ, J.



HOFFSTADT, J.